| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>720-865-8301 | DATE FILED: May 5, 2017 7:45 PM<br>FILING ID: F0CF8355A5B67<br>CASE NUMBER: 2017CV31668 |
| **Plaintiffs:**   **MARK GREENBERG, on his behalf and on behalf of ZACHARY GREENBERG, a minor**<br><br>v.<br><br>**Defendant:**   **CIGNA HEALTH AND LIFE COMPANY, and CIGNA BEHAVIORAL HEALTH, INC.** | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Division: |
| *Attorneys for Plaintiff:*<br>Bradley A. Levin, Reg. No. 13095<br>Kerri J. Rugh, Reg. No. 29966<br>Elizabeth A. Walker, Reg. No. 47102<br>**LEVIN SITCOFF PC**<br>1512 Larimer Street, Suite 650<br>Denver, CO  80202<br>Phone: 303-575-9390<br>Fax: 303-575-9385<br>bal@levinsitcoff.com<br>kjr@levinsitcoff.com<br>eaw@levinsitcoff.com | |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Mark Greenberg, on his behalf and on behalf of Zachary Greenberg, a minor, by and through his attorneys, LEVIN SITCOFF PC, for his Complaint and Jury Demand against Defendants, Cigna Health and Life Company and Cigna Behavioral Health, Inc., states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Mark Greenberg is a resident of the City and County of Denver, Colorado.

**EXHIBIT**

**A**

2. Upon information and belief, Defendant Cigna Health and Life Insurance Company ("Cigna") is incorporated under the laws of the State of Connecticut, with its principal place of business in Bloomfield, Connecticut. Cigna is authorized to do business in the State of Colorado.

3. Upon information and belief, Defendant Cigna Behavioral Health, Inc. ("CBH") is incorporated under the law of the State of Minnesota, with its principal place of business in Eden Prairie, Minnesota. CBH is authorized to do business in the State of Colorado. Collectively, Cigna and CBH are referred to as "Defendants" where appropriate.

4. This Court has jurisdiction over the subject matter of this action because Defendants conduct business in Colorado as described above and herein.

5. Pursuant to C.R.C.P. 98(c), venue is proper in this county, which Plaintiff designates as the place of trial of this action.

## GENERAL ALLEGATIONS

### Background

6. Zachary Greenberg is the 17-year-old child of Mark Greenberg and Robin Fleischmann. Since his birth, Zachary has suffered from a number of physical and mental disorders. Zachary has been diagnosed with autism spectrum disorder, bipolar disorder, generalized anxiety disorder, and non-verbal learning disorder.

7. In addition, Zachary suffers from Prader-Willi Syndrome ("PWS"). PWS is a rare and complex genetic disorder resulting from abnormality with the 15th chromosome that cannot be cured. The hallmark of PWS is an insatiable appetite that leads to uncontrollable eating and, in combination with a slower metabolism and smaller stature, life-threatening obesity. Persons with PWS also have a myriad of cognitive difficulties and behavioral problems.

8. Indeed, PWS affects all aspects of Zachary's life. As is typical, Zachary has an uncontrollable appetite, problems with behavior, difficulty learning, delayed motor development, and lowered IQ. Zachary has the rarer of the two subtypes of PWS known as uniparental disomy ("UPD"), which means that his behavioral symptoms are more severe and his cognitive inflexibility is greater than others with the disease. UPD sufferers also experience psychosis and psychotic symptoms, attention and impulsivity problems, and have a greater need for "sameness."

9. While PWS cannot be cured, it can be managed so that persons with the syndrome can function with assistance in a more "normal" life. For Zachary, this involves specialized environmental interventions that include a predictable and structured routine; complete "food security" (knowing exactly what and when he will eat with no opportunity to access other food); a consistently implemented positive behavioral support plan; sensory motor activities; staff trained and experienced in supporting PWS patients; and living in a group setting with PWS peers for social development.

2

10.     Prior attempts to manage Zachary's PWS through an individualized education plan at his local public school, therapies at his parents' home, and hospitalization at the Children's Hospital Colorado and the Prader-Willi Unit at the Children's Institute in Pittsburgh were unsuccessful.

11.     While Zachary was living at home, it was difficult to manage his behavioral problems which frequently manifested in episodes of verbal and physical violence, often requiring intervention by law enforcement. In addition, Zachary deteriorated to the point where he could no longer maintain basic personal hygiene. Zachary's anxiety was so debilitating that he did not attend school for half of his eighth grade year or any of his ninth grade year.

12.     Accordingly, Zachary's medical and mental health providers unanimously concluded that he required treatment through a PWS-specific residential program. Zachary's parents placed him at the Latham Centers in Brewster, Massachusetts ("Latham") in May 2015. Latham is the only residential facility in the country that was, and is, equipped to treat Zachary's PWS.

13.     The treatment Latham provides is a multifaceted therapeutic milieu that includes psychological counseling and psychiatric medication management as well as physical, occupational, and speech therapies. This means that Zachary works with a PWS-trained clinician at least twice a week to identify goals around positive social behavior, break them into manageable steps, and assess his progress towards those goals through positive reinforcement. In addition, he receives constant behavioral support as all Latham staff receive extensive training in the management of PWS. Because Zachary's ability to function is dependent on rigid management of his environment, he attends school at the facility as well. Critically, all of Latham's treatment is provided in a completely food-secure environment that strictly regulates what the patients eat, how much, and when.

14.     Zachary's condition has improved as a result of the care he has received at Latham. The predictable daily routines and PWS-trained staff at Latham have helped Zachary to manage his anxiety so that he has been able to significantly reduce the frequency of his violent outbursts, attend school on a regular basis, and physically care for himself with minimal assistance.

15.     Furthermore, since Zachary has been at Latham, he has not required acute psychiatric hospitalization.

### Policy

16.     Zachary is insured under myCigna Health Flex 1900 Plan, Issue ID No. C09626431 (the "Policy") issued by Cigna.

17.     The Policy provides coverage for, among other things: Autism Spectrum Disorders Treatment; Habilitative Services; Mental, Emotional or Functional Nervous Disorders and Substance Abuse Services; Professional and Other Services; Rehabilitative Therapy for Insured

3

Persons with Congenital Defects and Birth Abnormalities; as well as inpatient services at other health care facilities and physical, occupational, and speech therapies.

18. Accordingly, Plaintiff submitted a claim under the Policy for the cost of Zachary's treatment at Latham.

19. In spite of the various provisions under which Zachary's treatment at Latham was covered, CBH denied the claim on behalf of Cigna on December 1, 2015. According to CBH, the claim was not covered because the Policy excludes coverage for:

> Nonmedical counseling or ancillary services, including but not limited to: education, training, vocational rehabilitation, behavioral training, biofeedback, neurofeedback, hypnosis, sleep therapy, employment counseling, back school, return to work services, work hardening programs, driving safety, and services, training, educational therapy or other nonmedical ancillary services for learning disabilities and developmental delays, except as specifically stated in this [P]olicy. This exclusion does not apply to health education services for chronic diseases and self-care on topics such as stress management and nutrition.

20. Plaintiff appealed the decision by letter dated August 17, 2016. In his appeal, he demonstrated that Zachary's treatment at Latham is medically necessary and non-ancillary. He explained at length the specific challenges Zachary faces as well as Latham's unique ability to address those challenges according to Zachary's expert treatment providers.

21. CBH upheld its denial one month later. This time, CBH stated that the claim denial was proper because "[a]ccording to the information received, the services are not being provided by a facility with a residential license in the state of MA. The facility is license [sic] for educational programs."

22. Despite CBH having given a new, previously unstated reason for refusing to provide coverage for the treatment costs at Latham, CBH refused to grant request for a second level review, advising instead that the appeals process had been exhausted.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

23. Plaintiff realleges each and every allegation of his Complaint and Jury Demand as if fully set forth herein.

24. The Policy constitutes a contract of insurance.

25. All conditions precedent to Cigna's obligation to perform under the contract were fulfilled and/or excused by the conduct of Defendants, in that the claim for Zachary's treatment at Latham was covered under one or more coverage provisions in the Policy and was not subject to any exclusions.

4

26. Cigna's refusal to pay benefits for Zachary's treatment at Latham therefore constitutes a breach of the contract.

27. Because of Cigna's breach, Plaintiff has suffered damages in amounts to be proved at trial.

## SECOND CLAIM FOR RELIEF
### (Breach of The Duty of Good Faith and Fair Dealing)

28. Plaintiff realleges each and every allegation of his Complaint and Jury Demand as if fully set forth herein.

29. Defendants owed duties arising from the Policy, under which Defendants covenanted that they would, in good faith and in the exercise of fair dealing, deal fairly and honestly, faithfully perform their duties of representation, and do nothing to impair, interfere with, hinder, or potentially injure an insured's rights to receive the benefits of the Policy.

30. Defendants breached their duties of good faith and fair dealing by their actions, which include, without limitation, the following unreasonable acts:

   a. Denying medical benefits for the treatment at Latham, including physical, occupational, and speech therapies and autism spectrum ABA therapy;

   b. Delaying or denying payment of benefits due under the Policy;

   c. Failing to conduct a reasonable, prompt, thorough, and unbiased investigation into Zachary's medical condition, the medical necessity for his treatment at Latham, and the treatment that Latham was providing to Zachary before denying the claim and/or before denying the appeals submitted on his behalf;

   d. Ignoring the information provided by Plaintiff and Zachary's health care providers that indicated Zachary required treatment at a PWS-specific residential facility;

   e. Failing to engage an external independent medical reviewer with specialized knowledge of and experience with treatment of individuals with PWS to review Zachary's claim;

   f. Relying on Latham's purported lack of licensure as a residential facility as a basis for denying the claim for benefits when the Policy does not contain an exclusion premised on a provider's licensure;

   g. Relying on an objectively false statement about Latham's lack of licensure as a residential facility as a basis for denying the claim for benefits;

5

      h. Failing to provide a reasonable explanation of the basis for applying the Policy exclusion for "Nonmedical counseling or ancillary services" to the claim;

      i. Initially indicating that there was a second level appeal of the claim denial, but then refusing to allow such an appeal;

      j. Placing their interests above those of its insured; and

      k. Other conduct to be revealed in discovery;

31. Because of Defendants' breach of their duties of good faith and fair dealing, Plaintiff has suffered damages in amounts to be proved at trial.

## THIRD CLAIM FOR RELIEF
### (Violation of C.R.S. §§ 10-3-1115 and -1116)

32. Plaintiff realleges each and every allegation of his Complaint and Jury Demand as if fully set forth herein.

33. C.R.S. § 10-3-1115 forbids those engaged in the business of insurance from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

34. Defendants delayed and/or denied payment of the claim for benefits for Zachary's treatment at Latham without a reasonable basis within the meaning of C.R.S. § 10-3-1115.

35. C.R.S. § 10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied may bring an action in a Colorado district court to recover reasonable attorneys' fees and court costs, plus two times the covered benefit.

36. Defendants' actions, as described herein, violate C.R.S. § 10-3-1115.

37. Plaintiff brings this claim to recover his reasonable attorneys' fees and court costs, plus two times the covered benefits pursuant to C.R.S. § 10-3-1116.

**WHEREFORE**, Plaintiff Mark Greenberg, on his behalf and on behalf of Zachary Greenberg, a minor, respectfully requests that judgment be entered in his favor and against Defendants, Cigna Health and Life Insurance Company and Cigna Behavioral Health, Inc., as follows:

    a. For compensatory damages in amounts to be proved at trial;

    b. For two times the amount of covered benefits unreasonably delayed or denied pursuant to C.R.S. §10-3-1116;

  c. For reasonable attorneys' fees and costs of suit herein;

  d. For all interest, statutory or moratory, allowed by law;

  e. For such other and further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated this 5th day of May, 2017.

            Respectfully submitted,

            **LEVIN SITCOFF PC**

            */s Bradley A. Levin*
            Bradley A. Levin
            Kerri J. Rugh
            Elizabeth A. Walker
            *Attorneys for Plaintiffs*

<u>Plaintiffs' Address:</u>
620 Vine Street
Denver, CO 80206